UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.; NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 1:17-cv-01231-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. Nos. 7, 11) |

This matter is before the court on defendants' motion to dismiss (Doc. No. 7) and plaintiff's motion to remand (Doc. No. 11). On November 14, 2017, both motions came before the court for hearing. Attorney Vartkes Artinian appeared on behalf of plaintiff Terrence Taylor. Attorney Matthew Nazareth appeared on behalf of defendant CitiMortgage, Inc. ("CitiMortgage"). Attorney Megan E. Lees appeared on behalf of defendant National Default Servicing Corporation ("NDSC"). Having reviewed the parties' briefing and heard arguments, and for the reasons that follow, plaintiff's motion to remand will be denied, and defendants' motion to dismiss will be granted.

**BACKGROUND**

In his complaint, plaintiff alleges as follows. Plaintiff resides at 6301 Phyllis Street, Bakersfield, California, the property which is the subject of this suit (hereinafter referred to as the

1

"property"). (Doc. No. 1-1 ("Compl.") at ¶ 1.) Plaintiff's mother Beverly Hicks ("Hicks") purchased the property on or around September 9, 1991, and it was her primary residence until her death on August 7, 2016. (*Id.* at ¶ 11.) On or about January 28, 1992, Hicks obtained a loan secured by the property in the amount of $92,000, and concurrently executed a deed of trust as security for the loan. (*Id.* at ¶ 12.) That deed was recorded in the Kern County Recorder's Office on January 31, 1991.[1] (*Id.*) The named trustee in the deed of trust was Stan-Shaw Corporation, while the named lender and beneficiary in the deed of trust was Directors Mortgage Loan Corporation. (*Id.*) Interest in the deed of trust was thereafter assigned to various parties; as of May 3, 2017, defendant CitiMortgage was the beneficiary of the deed of trust, while defendant NDSC was the new trustee. (*Id.* at ¶¶ 13–21.)

On or about June 6, 2017, defendant NDSC executed a Notice of Default (the "NOD") and Election to Sell Under Deed of Trust, which was recorded in the Kern County Recorder's Office the following day. (*Id.* at ¶ 22.) On or about June 28, 2017, defendant NDSC executed a Notice of Rescission of the NOD, which was recorded in the Kern County Recorder's Office the following day. (*Id.* at ¶ 23.)

Plaintiff alleges that he is the successor in interest of his mother Hicks and that, as such, he has the same rights and remedies as the initial borrower under provisions of the California Homeowners Bill of Rights ("HBOR"). Specifically, plaintiff alleges that defendants recorded the NOD prior to making "initial contact," in violation of California Civil Code § 2923.55. (*Id.* at ¶ 26.) Plaintiff also alleges that in 2016, while the NOD was filed and recorded, he was under review for a loan modification.[2] (*Id.* at ¶ 27.) Finally, plaintiff alleges that his loan was transferred from one servicer to another, but that he was never provided notice of these transfers. (*Id.* at ¶ 28.)

/////

---

[1] The correct date would appear to be January 31, 1992, although plaintiff's complaint states that this occurred in 1991.

[2] There is some discrepancy in plaintiff's complaint. Plaintiff alleges in ¶ 27 of his complaint that the Notice of Default was filed and recorded in 2016, whereas in ¶ 22 plaintiff alleges that the Notice of Default was filed and recorded in 2017.

Plaintiff's original complaint was filed in Kern County Superior Court on August 7, 2017, alleging eight causes of action against both defendants. (Doc. No. 1 at ¶ 1; Compl. at ¶¶ 35–83.) On September 13, 2017, defendant CitiMortgage removed the case to this federal court, representing that defendant NDSC consented to removal. (*Id.* at ¶ 14.) On September 20, 2017, defendant CitiMortgage moved to dismiss and that motion was joined in by defendant NDSC. (Doc. Nos. 7, 10.) Plaintiff filed no written opposition to defendants' motion to dismiss. However, on October 13, 2017, plaintiff did file a motion to remand the case to state court. (Doc. No. 11.) On October 30, 2017, defendant CitiMortgage filed an opposition to the motion to remand. (Doc. No. 13.)

**LEGAL STANDARD**

**A.     Motion to Remand**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 *et seq.* These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, by a preponderance of the evidence. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042,

/////

1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

**B.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

**DISCUSSION**

**A.     Motion to Remand**

Because it implicates the court's jurisdiction over this matter, the court first addresses plaintiff's motion to remand. Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at ¶ 5.) Plaintiff advances three arguments as to why diversity is not satisfied in this case. The court addresses each in turn.

        1.     <u>Consent</u>

Plaintiff first argues that the court has no jurisdiction over this matter because only defendant CitiMortgage has consented to removal, and defendant NDSC has not done so. All defendants must consent in order for removal to be proper. *See* 28 U.S.C. § 1446(b)(2)(A).

Defendant CitiMortgage points out that its Notice of Removal contained a statement that defendant NDSC had also consented to removal. (*Id.* at ¶ 14) ("The undersigned counsel represent that Defendant consents to removal. Defendant NDSC, the only other named

defendant, has consented to removal."). In the Ninth Circuit, each co-defendant need not submit written notice of consent. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *contra Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Instead, in this Circuit all that is required is "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record." *Proctor*, 584 F.3d at 1225. Defendant CitiMortgage's Notice of Removal contained the requisite statement that NDSC consented to removal, and was signed by defendant CitiMortgage's attorney of record. (Doc. No. 1 at 6.) This is all that the law requires, and the court rejects plaintiff's argument to the contrary.

2. Citizenship

Next, plaintiff argues that removal was improper because defendant CitiMortgage is a citizen of California. *See* 28 U.S.C. § 1441(b)(2) (removal to federal court is improper if any of the defendants is a citizen of the state in which the action is brought). As defendant CitiMortgage points out (*see* Doc. No. 1 at ¶ 8), this argument is incorrect as a factual matter: defendant CitiMortgage is not a citizen of California, but is instead a citizen of New York and Missouri. *See Hestrin v. CitiMortgage, Inc., et al.*, No. 2:14-cv-9836-SVW-AJW, 2015 WL 847132, at *1 (C.D. Cal. Feb. 25, 2015). Defendant CitiMortgage also avers in its Notice of Removal that defendant NDSC "is an Arizona corporation with its principal place of business in Arizona," and that its high level officers work "out of its Phoenix, Arizona offices." (*Id.* at 9.) Because neither defendant is a citizen of California, § 1441(b)(2) does not bar removal here.

3. Amount in Controversy

Finally, plaintiff contends that the case must be remanded because the amount in controversy requirement for diversity jurisdiction is not satisfied. When a complaint does not specify a particular amount of damages, a removing defendant must show that it is "more likely than not" that the amount in controversy requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). That is, a removing defendant must demonstrate by a

5

preponderance of the evidence that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the objection of the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted).  "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, the amount in controversy may be the original loan amount, the outstanding balance at the time the sale is contemplated, or the market value of the property."  *Rodriguez v. Wells Fargo Bank, N.A.*, No. 11-cv-05172 RMW, 2011 WL 6304152, at *3 (N.D. Cal. Dec. 16, 2011) (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010); *Cabriales v. Aurora Loan Servs.*, No. C 10-161, 2010 WL 761081, at *12–13 (N.D. Cal. Mar. 2, 2010).  Applying this standard, the court concludes that the amount in controversy requirement is satisfied here.  Plaintiff has specifically requested an injunction "prohibiting any further sale" of the property.  (Compl. at 21.)  The original loan obtained by Ms. Hicks secured by the property was in the amount of $92,000.  (*Id.* at ¶ 12.)  In his complaint filed in this action plaintiff seeks an additional award of monetary damages "in excess of $25,000," as well as statutory damages, consequential damages, restitution, and other damages.  All of these must be added together to determine the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (aggregating "common law and statutory damages, exemplary and punitive damages, rescission and restitution, a declaratory judgment, and an injunction" for the purposes of determining the amount in controversy).  Accordingly, the amount in controversy in this action is plainly above the statutory minimum of $75,000.

For all of these reasons, plaintiff's motion to remand the case to state court will be denied.

**B.  Motion to Dismiss**

The court next addresses defendants' motion to dismiss.  (Doc. No. 7.)  Defendants contend that all eight of plaintiff's causes of action set forth in his complaint are subject to dismissal.

/////

### 1. Counts One through Four

The court addresses plaintiff's first four counts as a group, since all arise under the HBOR. Plaintiff here has alleged violations of California Civil Code §§ 2923.55, 2923.6, 2923.7, and 2924.12. (Compl. at ¶¶ 35–55.) Defendant CitiMortgage contends that each of these causes of action fails to state a claim upon which relief may be granted.

The statutory provisions upon which plaintiff relies for his first, second, and third causes of action—California Civil Code §§ 2923.55, 2923.6, and 2923.7, respectively—do not themselves contain a private right of action. Instead, plaintiff's ability to bring actions under these provisions is provided by a separate provision, § 2924.12. *Wardrop v. Wells Fargo Bank, N.A.*, No. ED CV 16-413 DMG (SPx), 2016 WL 7626145, at *7 (C.D. Cal. Oct. 11, 2016); *Bingham v. Ocwen Loan Servicing, LLC*, No. 13-CV-04040-LHK, 2014 WL 1494005, at *4 (N.D. Cal. Apr. 16, 2014). That provision states in part that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief" to enforce a violation of §§ 2923.55, 2923.6, and 2923.7. Cal. Civ. Code § 2924.12(a)(1). It also provides that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages" if it has violated those same statutory provisions. Cal. Civ. Code § 2924.12(b). In other words, if a notice of sale has not yet been recorded, a plaintiff is limited to injunctive relief. By contrast, if the notice of sale has already been recorded, a plaintiff may also seek monetary damages. *See Jent v. N. Tr. Corp.*, Civ. No. 2:13-1684 WBS CKD, 2014 WL 172542, at *4 (E.D. Cal. Jan. 15, 2014). Here, plaintiff does not allege that any Notice of Sale has ever been recorded. Accordingly, any claim for monetary relief brought by plaintiff in this regard is properly dismissed.

The next question is whether plaintiff has alleged a cognizable claim for injunctive relief to prevent defendants from foreclosing upon and selling the property. A separate provision of § 2924.12 provides that "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed of sale." Cal. Civ. Code § 2924.12(c). This provision functions as a "safe harbor" for defendants, and allows them to escape liability under HBOR to the extent any

past violations have been cured. *Pearson v. Green Tree Servicing, LLC*, No. 14-cv-04524-JSC, 2014 WL 6657506, at *2 (N.D. Cal. Nov. 21, 2014). The court must therefore examine whether, even if defendants have allegedly violated certain provisions of HBOR, defendants have subsequently remedied those claimed violations. If so, plaintiff may not seek to enjoin the sale of the property.

Turning to plaintiff's first cause of action, under § 2923.55, "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default" unless they first "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.55(a)(2). Plaintiff alleges that defendant NDSC failed to do so before filing its NOD. (Compl. at ¶ 39.)

Defendants point out that, as plaintiff concedes in his complaint, defendant NDSC rescinded the NOD less than a month after it was originally filed. (*See id.* at ¶ 23.) This is sufficient to constitute remediation under § 2924(c), since there is no longer any legally operative notice of default. Because a notice of default is a prerequisite in order for a plaintiff to bring an action under § 2923.55, the present lack of a notice of default is fatal to plaintiff's claim. *See Vasquez v. Bank of Am., N.A.*, No. 13-cv-02902-JST, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) (confirming that a plaintiff "may not seek remedies under Section 2924.12 that do not apply to the present status of the property"). The court will therefore grant defendants' motion to dismiss the first cause of action.

The fact that no notice of default presently exists also dooms plaintiff's second cause of action based on § 2923.6. That statute in relevant part states that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). As an initial matter, there is no allegation in plaintiff's complaint that he ever submitted an application for a loan modification. All plaintiff alleges is that, at some point in 2016, he was "under review" for such a

8

modification. (Compl. at ¶ 27.) This allegation is not sufficiently specific to trigger the statutory requirements of § 2923.6. Moreover, even if plaintiff had submitted an application for a loan modification, his complaint would still be deficient because defendant NDSC has rescinded the NOD upon which plaintiff's cause of action is premised. Plaintiff's second cause of action will therefore also be dismissed.

Plaintiff's third cause of action is based on California Civil Code § 2923.7, which states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The statutory language is plain that in order to trigger any obligation on the part of the mortgage servicer to establish a single point of contact, the borrower must first make a request for a foreclosure prevention alternative. *Williams v. Wells Fargo Bank, NA*, No. EDCV 13-02075 JVS (DTBx), 2014 WL 1568857, at *8 (C.D. Cal. Jan. 27, 2014) (affirming that § 2923.7 by its terms "requires that the borrower make a specific request for a single point of contact"). Plaintiff has not alleged in his complaint that he ever made such a request of any of the defendants. His third cause of action will, accordingly, be dismissed.

Plaintiff's fourth cause of action alleges a violation of § 2924.12. That section does not impose any statutory obligation on defendants. Instead, it provides a private right of action in the event that certain other provisions of HBOR have been violated. Plaintiff argues that because defendants "are in material violation of Cal. Civil Code § 2923.55, 2923.6, and 2923.7," he is also entitled to injunctive relief pursuant to § 2924.12. Because the court has found that plaintiff's allegations in support of his claims under those provisions are deficient, as discussed above, it also will dismiss his fourth cause of action brought under § 2924.12.

2. <u>Count Five</u>

Plaintiff's fifth cause of action asserts that defendants have breached the covenant of good faith and fair dealing implied in the mortgage assigned to him. California law "implies in every contract a covenant of good faith and fair dealing, meaning that neither party will do anything which will injure the right of the other to receive the contract's benefits." *Bushell v. JPMorgan*

*Chase Bank, N.A.*, 220 Cal. App. 4th 915, 928–29 (2013). Plaintiff claims that defendants have breached the terms of the mortgage that was assigned to him.

Plaintiff's allegations in this regard are entirely conclusory. Plaintiff's complaint does not state what the terms of the mortgage agreement were, nor does it explain how a violation of the mortgage agreement would constitute a violation of the covenant of good faith and fair dealing. Rather, all that is alleged in the complaint is that "[p]laintiff is informed and believes, and thereon alleges, that the Defendants failed to abide by the agreed terms of the mortgage assigned to them." (Compl. at ¶ 58.) Even at the pleading stage, this allegation is insufficient to state a cognizable claim for relief. *See Iqbal*, 556 U.S. at 678 (holding that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation"). Plaintiff's fifth cause of action will therefore be dismissed.

### 3. Count Six

Plaintiff's sixth cause of action sounds in negligence. In California, the elements of a cause of action for negligence are: (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and (4) the plaintiff's injury. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). Focusing on the first prong of the inquiry, plaintiff claims that defendants had a legal duty towards him for two reasons. First, plaintiff contends that the Deed of Trust imposed upon defendants a "duty to provide recourse and allow Plaintiff to retain the benefit agreed upon." (Compl. at ¶ 65.) Second, plaintiff claims that the HBOR also imposed a duty upon defendants. (*Id.* at ¶ 69.)

Turning first to the deed of trust, the law is clear that there exists no cognizable legal duty between a lender and borrower when the transaction is conducted at arm's length. *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1132 (E.D. Cal. 2010); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff has not alleged any facts which would tend to show that the transaction in this case was anything other than an arm's length agreement between a lender and a borrower. As such, the deed of trust did not impose on defendants any duty of care towards plaintiff.

/////

Second, the HBOR also imposed no duty of care on defendants. As stated above, plaintiff's relief under any of the HBOR provisions is limited to injunctive relief, since the trustee's deed upon sale has not been recorded. Plaintiffs may not seek monetary relief until that occurs. To nonetheless interpret this statute as imposing a duty of care on defendants "would allow plaintiffs to sue for damages where the legislature expressly foreclosed liability." *Jent*, 2014 WL 172542, at *5. In other words, allowing plaintiff to seek damages on a theory of negligence would circumvent the expressed legislative intent of precluding a damages award. Therefore, the court holds that, where a trustee's deed upon sale has not been recorded, the HBOR provisions cited by plaintiff do not create a legal duty between a lender and borrower. Defendant's sixth cause of action will therefore be dismissed.

### 4. Count Seven

Count seven alleges intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (citation omitted). The outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* Plaintiff contends that he has suffered extreme emotional stress because he has "been dragged through an anguishing cycle of recording and rescinding since 2011," and that this "vicious cycle continues to present date." (Compl. at ¶ 76.)

Although the issue of outrageousness is normally an issue of fact to be determined by the jury, a court may determine in the first instance "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989). "Absent other circumstances, the act of foreclosing on a home is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Dare v. Aegis Wholesale Corp.*, No. 15-cv-02833 JAH(KSC), 2017 WL 1135587, at *5 (S.D. Cal. Mar. 27, 2017); *see also Harvey G. Ottovich Revocable Living Tr. Dated May 12, 2006*

*v. Wash. Mut., Inc.*, No. C 10-02842 WHA, 2010 WL 3769459, at *4–5, (N.D. Cal. 2010); *Mehta v. Wells Fargo Bank, N.A.*, No. 10-cv-944 JLS (AJB), 2010 WL 3385020, at *16 (S.D. Cal. 2010). Here, defendants have not foreclosed at all. To the extent the defendants have committed any statutory violations whatsoever, those violations have been remedied, as discussed above. The court finds that the facts alleged in plaintiff's complaint do not plausibly rise to the level of sufficiently "extreme and outrageous" conduct necessary to sustain a claim of intentional infliction of emotional distress. The court will therefore dismiss plaintiff's seventh cause of action.

### 5. Count Eight

The eighth and final cause of action in plaintiff's complaint alleges unfair competition in violation of California Business and Professions Code § 17200, which outlaws any unfair, unlawful, or fraudulent business act or practice. A claim under § 17200 is derivative, and will "stand or fall depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001). Because the court has already dismissed all of plaintiff's other causes of action, it must dismiss his unfair competition claim as well. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009). Accordingly, plaintiff's eighth cause of action will be dismissed.

## C. Leave to Amend

At oral argument, plaintiff's attorney requested that, in the event the court dismissed plaintiff's complaint, that leave to amend be granted. Federal Rule of Civil Procedure 15 instructs courts to "freely give leave when justice so requires" and that rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations omitted). Because the court does not find that granting leave to amend in this case would cause "undue prejudice to the opposing party," and out of an abundance of caution, the court will grant plaintiff's request for leave to amend his complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, plaintiff will be given thirty days from the service of this order in which to file an amended complaint should he elect to do so.

/////

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand (Doc. No. 11) is denied;

2. Defendants' motion to dismiss (Doc. No. 7) is granted with leave to amend; and

3. Plaintiff shall file any amended complaint no later than thirty days from the date this order is served. Any failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **December 6, 2017**

_____
UNITED STATES DISTRICT JUDGE