UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.; NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 1:17-cv-01231-DAD-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 35) |

This matter is before the court on defendants' motion to dismiss. (Doc. No. 19.) On August 7, 2018, that motion came before the court for hearing. Attorney Michael Avanesian appeared on behalf of plaintiff Terrence Taylor. Attorney Matthew Nazareth appeared on behalf of defendant CitiMortgage, Inc. ("CitiMortgage"). Attorney Robert P. Zahradka appeared on behalf of defendant National Default Servicing Corporation ("NDSC"). All parties appeared telephonically. Having reviewed the parties' briefing and heard arguments, and for the reasons that follow, defendants' motion to dismiss will be granted.

**BACKGROUND**

In his second amended complaint, plaintiff alleges as follows. Plaintiff resides at 6301 Phyllis Street, Bakersfield, California, the property which is the subject of this suit (hereinafter the "property"). (Doc. No. 34 ("SAC") at ¶ 1.) Plaintiff's mother Beverly Hicks ("Hicks")

1

purchased the property on or around September 9, 1991, and it was her primary residence until her death on August 7, 2016.  (*Id.* at ¶ 11.)  On or about January 28, 1992, Hicks obtained a loan secured by the property in the amount of $92,000, and concurrently executed a deed of trust as security for the loan.  (*Id.* at ¶ 12.)  That deed was recorded in the Kern County Recorder's Office on January 31, 1991.[1]  (*Id.*)  The named trustee in the deed of trust was Stan-Shaw Corporation, while the named lender and beneficiary in the deed of trust was Directors Mortgage Loan Corporation.  (*Id.*)  Interest in the deed of trust was thereafter assigned to various parties; as of May 3, 2017, defendant CitiMortgage was the beneficiary of the deed of trust, while defendant NDSC was the trustee.  (*Id.* at ¶¶ 13–21.)

On or about June 6, 2017, defendant NDSC executed a Notice of Default (the "NOD") and Election to Sell Under Deed of Trust, which was recorded in the Kern County Recorder's Office the following day.  (*Id.* at ¶ 22.)  On or about June 28, 2017, defendant NDSC executed a Notice of Rescission of the NOD, which was recorded in the Kern County Recorder's Office the following day.  (*Id.* at ¶ 23.)

Plaintiff alleges that he is the successor in interest to his mother Hicks and that, as such, he has the same rights and remedies as her under provisions of the California Homeowners Bill of Rights ("HBOR").  (*Id.* at ¶¶ 24–25.)  On this basis, plaintiff alleges three causes of action.  First, plaintiff alleges that he was not provided a single point of contact in seeking available foreclosure prevention alternatives, in violation of California Civil Code § 2923.7.  (*Id.* at ¶¶ 44–48).  Second, plaintiff alleges that defendants are in material violation of California Civil Codes §§ 2923.55, 2923.6, and 2923.7, as a result of which plaintiff may seek relief under § 2924.12.  (*Id.* at ¶¶ 49–53.)  Third, plaintiff alleges a violation of California Business and Professions Code § 17200.  (*Id.* at ¶¶ 54–59.)

Plaintiff's SAC was filed on June 4, 2018.  On June 25, 2018, defendant CitiMortgage moved to dismiss and that motion was joined by defendant NDSC.  (Doc. Nos. 35, 36.)  Plaintiff filed no opposition.

---

[1] The correct date would appear to be January 31, 1992, although plaintiff's complaint states that this occurred in 1991.

2

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

Defendants have moved to dismiss all three causes of action in the SAC, arguing that as to each, plaintiff has failed to state a cognizable claim for relief.

/////

**A.     Violation of California Civil Code § 2923.7**

Plaintiff's first cause of action alleges a violation of California Civil Code § 2923.7, which provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). Plaintiff contends that he was never given a single point of contact, constituting a violation of that provision. (SAC at ¶ 47.)

The statutory language of § 2923.7 is plain that in order to trigger any obligation on the part of the mortgage servicer to establish a single point of contact, the borrower must first make a request for a foreclosure prevention alternative. *Williams v. Wells Fargo Bank, NA*, No. EDCV 13-02075 JVS (DTBx), 2014 WL 1568857, at *8 (C.D. Cal. Jan. 27, 2014) (affirming that § 2923.7 by its terms "requires that the borrower make a specific request for a single point of contact"); *see also Mobley v. Wilmington Tr., N.A.*, No. CV 15-4201 PA (AJWX), 2016 WL 7234099, at *3 (C.D. Cal. Sept. 9, 2016); *Hart v. Select Portfolio Servicing, Inc.*, No. CV 15-7953-R, 2015 WL 8374926, at *2 (C.D. Cal. Dec. 9, 2015). Plaintiff has not alleged in the SAC that he ever made such a request of any of the defendants. Accordingly, the first cause of action alleging a violation of § 2923.7 will be dismissed.

**B.     Violations of California Civil Code § 2924.12**

Plaintiff's second cause of action alleges a violation of California Civil Code § 2924.12. Section 2924.12 states in relevant part that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.5, 2923.7, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12(a)(1). It also provides that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages" if it has violated those same statutory provisions. *Id.* § 2924.12(b). In other words, if a notice of sale has not yet been recorded, a plaintiff is limited to injunctive relief. By contrast, if the notice of sale has already been recorded, a plaintiff may seek monetary damages. *See Jent v. N. Tr. Corp.*, Civ. No. 2:13-1684 WBS CKD, 2014 WL 172542, at *4 (E.D. Cal. Jan. 15, 2014). Here, plaintiff

does not allege that any Notice of Sale has ever been recorded. Accordingly, plaintiff may not recover any monetary damages under this provision.

The next question is whether plaintiff has alleged a cognizable claim for injunctive relief to prevent defendants from foreclosing upon and selling the property. A separate provision of § 2924.12 provides that "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code § 2924.12(c). This provision functions as a "safe harbor" for defendants, and allows them to avoid liability under HBOR to the extent any past violations have been cured. *See Pearson v. Green Tree Servicing, LLC*, No. 14-cv-04524-JSC, 2014 WL 6657506, at *2 (N.D. Cal. Nov. 21, 2014) ("[I]f the servicer takes action to correct the violation before proceeding to foreclosure, no liability results."). The court must therefore examine whether, even if defendants have allegedly violated certain provisions of HBOR, defendants have subsequently remedied those claimed violations. If so, plaintiff may not seek to enjoin the sale of the property at this time.

Defendants point out that, as plaintiff concedes in his second amended complaint, defendant NDSC rescinded the NOD less than a month after it was originally filed. (*See* SAC at ¶ 23; Doc. No. 35 at 5–6.) This is sufficient to constitute remediation under § 2924.12(c), since there is no longer any legally operative notice of default. Because a notice of default is a prerequisite in order for a plaintiff to bring an action under this provision, the fact that the NOD has been rescinded is fatal to plaintiff's claim. *See Jent*, 2014 WL 172542, at *5; *Vasquez v. Bank of Am., N.A.*, No. 13-cv-02902-JST, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) (confirming that a plaintiff "may not seek remedies under Section 2924.12 that do not apply to the present status of the property"). Plaintiff's second cause of action will therefore also be dismissed.

**C.      Violation of California's Unfair Competition Law**

Plaintiff's third cause of action alleges unfair competition in violation of California Business and Professions Code § 17200, which outlaws any unfair, unlawful, or fraudulent business act or practice. A claim under § 17200 is derivative, and will "stand or fall depending

5

on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001). As the SAC makes clear, plaintiff's unfair competition claim is predicated on the alleged violation of California Civil Code § 2923.7. (SAC at ¶ 56.) Because the court has already found that plaintiff has failed to state claim for relief under § 2923.7, it must dismiss his unfair competition claim as well. *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900-IEG WVG, 2011 WL 1044148, at *5 (S.D. Cal. Mar. 21, 2011) ("Plaintiff's UCL claims derive from her allegations of fraud and violations of federal lending laws. Where those claims are deficient, Plaintiff's UCL claim must also fail."); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009). Accordingly, plaintiff's third cause of action will be dismissed.

**D.     Leave to Amend**

Defendants previously moved to dismiss the First Amended Complaint ("FAC"), which motion was granted by the undersigned. (Doc. No. 32.) However, at oral argument on that motion, plaintiff's counsel requested that leave to amend be granted in order to remedy the deficiencies identified by the court. The court therefore granted leave to amend, but in doing so advised plaintiff "that absent the presentation of compelling circumstances, no further leave to amend will be granted in this action." (*Id.* at 6.) Far from remedying the deficiencies of the FAC, the SAC is a nearly verbatim copy, and alleges the same three causes of action based upon the same factual allegations. Indeed, plaintiff has not even filed an opposition to the instant motion to dismiss. Under the circumstances, the court is persuaded that leave to amend would be futile.

/////
/////
/////
/////
/////
/////
/////
/////

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motion to dismiss (Doc. No. 35) is granted;

2. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 7, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE